# Sayers *v.* Pollock, Appellant.

*Guardian and ward—Dealing with ward's real estate—Unauthorized act of guardian—Consent of ward—Adverse possession.*

A guardian cannot by his own unauthorized act destroy the inheritance in the land of his ward; the court may not authorize him to do so except in the statutory way for such reasons as the statute allows; nor can the ward authorize the guardian to do what the ward cannot of herself do.

A parol exchange of lands between a mother and her daughter, sixteen years of age, with the consent of the guardian, and under a promise by the daughter upon her coming of age to execute and deliver a deed to her mother, is wholly invalid against the estate of the daughter who died before she reached the age of twenty-one years. Where, in such a case, the mother enters into possession of the land and holds it for more than twenty-one years after her daughter's death, it is for a jury to determine under proper instructions from the court whether such facts exist as constitute in law title by adverse possession in the mother.

Argued Oct. 21, 1907. Appeal, No. 119, Oct. T., 1907, by defendant, from judgment of C. P. Greene Co., Sept. T., 1902, No. 49, on verdict for plaintiff in case of B. F. Sayers and R. A. Sayers et al. v. J. B. Pollock. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Reversed.

Ejectment for a lot of land in the borough of Waynesburg. Before Kooser, P. J., specially presiding.

The court charged as follows:

I have concluded to affirm the first point of the plaintiffs and this will relieve you from the consideration of the facts.

I prefer, however, to briefly state my reasons for this action.

Without any evidence from the defense, the plaintiffs upon their prima facie case would be entitled to recover in this action. The defendant, however, in much testimony that has been presented, contends that about 1866, I believe, there was a parol arrangement or agreement entered into between W. T. E. Webb, guardian of Mary C. Sayers, on the one part, and Elizabeth A. Sayers, later Elizabeth A. Hoskinson, which arrangement or agreement was made in the presence of Mary C. Sayers, then a minor, by which this property in dispute and another lot were to be taken by Elizabeth A. Sayers, the widow, absolutely and in fee, in consideration of her releasing her rights of dower and as life tenant to sundry other properties that had descended with these lots from E. Sealy Sayers, deceased, the husband of Elizabeth, and the father of Mary C., and that these facts establish what they call a parol partition between the widow and daughter by her guardian, acting for her, and that this partition being just and equal, and having been recognized continuously by the widow and the daughter, during the lifetime of the daughter, and claimed by the widow to her death in 1900, gave a good title to her in fee for the land in dispute.

Mary C. Sayers died in her minority, and therefore there could be neither ratification of nor acquiesence in said parol partition or agreement by her. The interests and estate of the widow and this surviving child were totally different, the widow having a life estate only. Such division between them as appears by this agreement was not a partition, separation or setting apart of shares as is contemplated in law between tenants in common or coparcenary, and if sustained would be an alienation of the minor's estate and the destruction of her fee in the land in dispute. On the other hand,it would be an acquisition by the widow of a new and wholly different title.

We think this cannot be done in parol nor without the sanction of the orphans' court.

Defendant contends, however, that if no parol partition has been established, that yet as an exchange of interests or as a sale, it may be sustained in this proceeding, and the facts should be sent to the jury for determination, because the widow

has been in possession, as the defendant claims for a period, in one way and other, exceeding thirty years, and has paid the taxes and made valuable improvements on the property.

If this is to be treated as a contract of sale or exchange it is within the statute of frauds and perjuries. And we think the evidence of possession offered by the defense, being the possession of Elizabeth A. Sayers, accepting it for all defendant claims, is not such proof of hostile and adverse possession as will enable the defendant to claim against the next of kin of Mary C. Sayers under such parol sale or exchange, because during the life of Elizabeth Sayers-Hoskinson she was entitled under her life estate to the possession, and the plaintiffs in this case had no claim they could assert in court against her possession during her life.

For these reasons we affirm the plaintiffs' first point which reads: Under all the evidence in the case the verdict of the jury must be for the plaintiffs.

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* was the charge of the court, quoting it.

*James J. Purman*, with him *D. S. Walton*, and *J. B. Donley*, for appellant.—The contract was just, fair and equal: Calhoun v. Hays, 8 W. & S. 127.

It was simply a family arrangement: Cowan's App., 74 Pa. 329; Davis v. Dickson, 92 Pa. 365.

The contract was complete and executed, did not need approval, and the widow could convert dower and life estate into a fee: Davis v. Dickson, 92 Pa. 365.

Parol partition by minor is valid: Darlington's Appropriation, 13 Pa. 430.

The statute of limitations is a complete bar: Weddle v. Robertson, 6 Watts, 486; Hollinshead's App., 103 Pa. 158; Updegrove v. Blum, 117 Pa. 259.

*James E. Sayers*, with him *L. W. Sayers*, and *A. F. Silveus*, for appellees.—Power to convert a ward's estate ought not to be assumed in any case; and to sanction it under any circumstances would encourage guardians to act independently of the court: Miller's Est., 1 Pa. 326; Blauser v. Diehl, 90

Pa. 350; Stoughton's App., 88 Pa. 198; Mulholland's Est., 154 Pa. 491; Bennett v. Hayden, 145 Pa. 586; Johns v. Tiers, 114 Pa. 611; Ruchizky v. DeHaven, 97 Pa. 202; Senser v. Bower, 1 P. & W. 450; Shaw v. Boyd, 5 S. & R. 309.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:

The plaintiffs, as collateral heirs of Mary C. Sayers who died in her minority, married, but without issue, succeeded to her title to the land in dispute. At the time of her death Mary C. Sayers was seized of a fee simple in the property, subject to an unassigned dower right in her mother, Elizabeth A. Sayers, widow of E. Seely Sayers, from whom the property descended, and subject also to a life interest which accrued to the mother upon the death of an infant brother who shared with Mary C. Sayers the inheritance. Elizabeth A. Sayers, widow and mother, died in 1900. These facts appearing on the trial established for the plaintiff a prima facie right. The defendants replied, offering evidence in support, that back in 1866, the guardian of Mary C. Sayers, then about sixteen years of age, having obtained an order from the orphans' court for the sale of his ward's real estate, it was agreed between the guardian and the mother of his ward, with the assent of the ward, that certain purparts of the real estate should be sold, released and discharged of all the mother's claim or interest therein, the mother in return to be allowed to retain the unsold purparts, of which the land in controversy was one, as her own, the daughter upon her coming of age to execute and deliver title for the same; that this agreement was so far executed that the properties designated to be sold discharged of the mother's interest were so sold, and the sales so made were upon return to the court duly confirmed; and further, that the mother who survived the daughter some thirty years, thereafter held the purparts remaining unsold as her own exclusive property under the terms of the agreement, until her death. Had this been the whole of defendant's case the learned trial judge would have been entirely right in directing a verdict for plaintiff. The agreement with the guardian vested no title in the mother. A guardian cannot by his own unauthorized act destroy the inheritance in the land of his ward; the court may not authorize him to do so

except in the statutory way for such reasons as the statute allows; nor can the ward authorize the guardian to do what the ward cannot of herself do. The ward in this case was sixteen years old, and when she died was within a few months of her majority. The legal aspect of the case would not have been different had she been an infant in arms when the agreement was made; her disability continued the same throughout her whole life. The agreement was utterly without binding force; it was conditioned upon the ward's affirmance after majority; and this was made impossible by her death during minority. Whether it was a parol agreement with respect to land so far executed as to make it inequitable to disturb it, had no place in the inquiry, for the reason that it was made with one totally without authority to bind the party whom he assumed to represent, while that party herself was legally incapable of doing anything by way of ratification or adoption.

Nor could the contention that the agreement was in effect an amicable partition of the real estate between the mother and the ward acting by her guardian, be sustained. To suppose that the case of Calhoun v. Hays, 8 W. & S. 127, is authority for a contrary view, is to overlook the predicate upon which the doctrine of that case rests. True, it is asserted in that case that an amicable partition without legal process in which a ward is represented by the guardian, will be good and binding on the ward, if shown to be fair and equal; but it is only on the ground that in making the partition, the parties, including the guardian, were only doing what at law they could be compelled to do. But this was no such partition as could have been enforced by the widow; it was an exchange of land. By no partition proceeding could the widow have acquired an inheritance in the land of the heir. The case cited gives no support whatever to the defendant's contention in this regard. The position taken was wholly untenable.

But the defendant did not rely exclusively upon the agreement between the mother and the guardian; he urged as well in defense of the action the statute of limitations. It is only necessary to say that the evidence on this branch of the case was sufficient to carry the question to the jury. Whether it should have prevailed is another matter, in regard to which

we express no opinion. Unquestionably the possession of Elizabeth A. Sayers during the lifetime of her daughter was in subordination to the title and possession of the latter, but what were the incidents of her continued possession thereafter? That her possession continued for more than twenty-one years after the daughter's death is an unquestioned fact. During all of this period was it actual, exclusive, open, continuous and hostile? It was for the jury to decide under proper instructions from the court whether the facts existed which constitute in law adverse possession. It was error to refuse the submission.

Judgment reversed and venire facias de novo awarded.